UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFERY BEADLE,

Plaintiff,

v.

EDWARD BORLA, et al.,

Defendants.

Case No. 25-cv-08366-TLT

**ORDER OF SERVICE, PARTIALLY GRANTING AND PARTIALLY DENYING MOTION TO AMEND COMPLAINT**

Re: Dkt. No. 9

Plaintiff, a prisoner at Correctional Training Facility (CTF), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The case was related to 25-cv-02820-TLT, *McKenzie v. Borla*, which raises similar or identical allegations. The complaint (Dkt. No. 8) is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the complaint is ordered served on defendants Borla and Macomber. Plaintiff's motion to amend the complaint (Dkt. No. 9) is partially granted and partially denied.

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . ... Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

### B.    Plaintiff's Claims

The complaint names CTF Warden Edward Borla and the Secretary of the California Department of Corrections and Rehabilitation (CDCR) Jefferey Macomber as defendants and alleges that defendants have violated his Eighth Amendment rights by housing him in an unconstitutionally small double cell with another prisoner since May 2025.

Plaintiff seeks damages and permanent single cell status.

### C.    Analysis

While the Constitution does not mandate comfortable prisons, it does require that prisoners

2

have the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[T]he Eighth Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Id.* at 346 (internal quotation marks omitted). Liberally construed, plaintiff has stated an Eighth Amendment claim against defendants Borla and Macomber for inadequate living space.

### D.    Motion to Amend Complaint

Plaintiff seeks to amend his complaint to add a retaliation claim against Officer A. Pelayo. He alleges that he engaged in protected activity by refusing to be double-celled, and that Pelayo retaliated against him for that activity by writing him up. Dkt. Nos. 9, 19. He was found guilty and lost 60 days of credit as well as his job. He also alleges he has bilateral tinnitus and that high-density housing has exacerbated this condition.

Plaintiff may amend his complaint to add allegations about his tinnitus as it relates to his complaint about being unconstitutionally double-celled at CTF. He may not amend his complaint to add a retaliation claim because he has not met the requirements for a retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has not stated a retaliation claim because he has not adequately alleged that he was engaged in protected conduct. While plaintiff alleges that being double-celled violates his Constitutional rights, no court has so ruled. He does not have the legal right to refuse to follow prison rules because of his untested legal theory. His conduct of refusing a housing assignment was not protected conduct. *See*, *e.g.*, *Banks v. Pelayo*, No. 120CV0117JLTPC, 2021 WL 675310, at *2 (E.D. Cal. Feb. 22, 2021), *report and recommendation adopted*, No. 120CV00117DADJLTPC, 2021 WL 1238232 (E.D. Cal. Apr. 2, 2021), *aff'd*, No. 21-15688, 2022 WL 874640 (9th Cir. Mar. 24, 2022) ("While the decision to double-cell an inmate for engaging in protected conduct may be deemed retaliatory, *see Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir.

3

United States District Court
Northern District of California

1995), a plaintiff's refusal to accept a cellmate is not itself protected conduct within the meaning of the First Amendment."). While plaintiff's act of filing a lawsuit or discussing his lawsuit is protected conduct, plaintiff has not alleged that he was double-celled in retaliation for filing or speaking about his lawsuit, rather, he has alleged that he was disciplined in retaliation for refusing to double-cell. He alleges that Pelayo arrived at his cell with the proposed cellmate, at which time plaintiff informed Pelayo about his lawsuit, and was subsequently written up. That order of events shows that Pelayo did not decide plaintiff would be assigned a cellmate in retaliation for being informed of his lawsuit. Because this is not a colorable claim, plaintiff may not add it to his complaint because such amendment would be futile.

Plaintiff may file an amended complaint to include his tinnitus allegations within 28 days of the date of this order.

**CONCLUSION**

1.      Plaintiff has stated a cognizable Eighth Amendment claim against defendants Borla and Macomber.

2.      Plaintiff may file a First Amended Complaint (FAC) within 28 days of the date of this order to add allegations regarding his tinnitus as it relates to his claim about being housed in an unconstitutionally small cell. The FAC must include the caption and civil case number used in this Order and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from his original complaint or petition by reference. If plaintiff does not file a FAC within the designated time, his case will move forward only on the claims identified in the section above titled "Plaintiff's Claims."

3.      The Court ORDERS that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

a.      Edward Borla, Warden of CTF

b.      Jefferey Macomber, Secretary of CDCR

4

United States District Court
Northern District of California

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 8), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide the USMS a copy of the CDCR Report of E-Service Waiver.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

5. Defendants shall answer the complaint in accordance with the Federal Rules of

Civil Procedure.

6. Briefing is currently stayed while the Court decides whether to set a bellwether case. After the Court resolves the motion to set a bellwether case, the Court will either stay the non-bellwether cases (if it grants the motion) or set a briefing schedule in each of the related cases (if it denies the motion).

7. All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: January 27, 2026

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California